770 So.2d 210 (2000)
The FLORIDA TOWER CONDOMINIUM, INC., Appellant,
v.
Sarah MINDES, Appellee.
No. 3D00-1806.
District Court of Appeal of Florida, Third District.
October 18, 2000.
*211 Phillips, Eisinger, Koss, Rothstein & Rosenfeldt and Jed L. Frankel (Hollywood), for appellant.
Hunton & Williams and Vance E. Salter, Miami, for appellee.
Before SCHWARTZ, C.J., and SHEVIN and RAMIREZ, JJ.
SCHWARTZ, Chief Judge.
The trial court held that a dispute over title to and the right to use particular condominium parking spaces, which are, by definition, "limited common elements," see Brown v. Rice, 716 So.2d 807, 808 (Fla. 5th DCA 1998), review denied, 727 So.2d 903 (Fla.1998), is not subject to the nonbinding arbitration provisions of section 718.1255, Florida Statutes (1999). We agree.[1] § 718.1255(1), Fla. Stat. (1999)("`Dispute' does not include any disagreement that primarily involves: title to any unit or common element...."); § 718.103(19), Fla. Stat. (1999)("`Limited common elements' means those common elements which are reserved for the use of a certain condominium unit or units to the exclusion of other units, as specified in the declaration of condominium."); see Brown, 716 So.2d at 809; Cedar Cove Efficiency Condominium Ass'n, Inc. v. Cedar Cove Properties, Inc., 558 So.2d 475 (Fla. 1st DCA 1990).
Affirmed.
NOTES
[1] We decline to follow contrary decisions of arbitrators of the Florida Department of Business and Professional Regulation Division of Florida Land Sales, Condominiums and Mobile Homes. Sionne v. Pell Manor Condominium II Ass'n, Case no. 95-02665 (Order, October 26, 1995, Draper, Arb.); Powers v. Voyager Condominium Ass'n, Case no. 93-0223 (Order, August 24, 1993, Player, Arb.); Epstein v. Bell Aire, Inc., Case no. 92-0260 (Order, December 22, 1992, Price, Arb.).